UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| DEAUNBREY GARDNER, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-232 CR407-148 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Deaunbrey Gardner has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal prison sentence. (Doc. 1.[1]) The motion is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which requires a movant to file a § 2255 motion within one year of the date his judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).

---

[1] Unless otherwise noted, citations are to the docket in Gardner's § 2255 case, number CV412-232. "Cr. doc." refers to documents filed under his criminal case, CR407-148. Additionally, page references are to the CM/ECF screen page rather than the referenced document's own internal pagination.

On February 25, 2008, the Court sentenced Gardner to serve 120 months' imprisonment after his bench trial for possession of a firearm by a convicted felon. (Cr. doc. 43.) The appeal was decided on September 17, 2010, but he did not file a petition for certiorari with the Supreme Court. (Cr. doc. 56; doc. 1 at 1 (no certiorari).) Hence, his conviction became "final" when the time for filing a certiorari petition expired. *Clay v. United States*, 537 U.S. 522, 524-25 (2003) ("For the purposes of starting the clock on § 2255's one-year limitation period, we hold, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."); *see Jimenez v. Quarterman*, 555 U.S. 113 (2009) (applying same principle in the 28 U.S.C. § 2254 context). Gardner was entitled to petition for certiorari within 90 days of the entry of the judgment against him by the Eleventh Circuit. Sup. Ct. R. 13.1. Hence, his conviction became final on December 16, 2010, 90 days after the Eleventh Circuit's mandate. He had one year from that date to file his § 2255 motion. He did not file his motion, however, until September 2012, nearly two years later.[2]

---

[2] He claims that trial testimony in a contemporaneous state criminal prosecution for malice murder clears him of the gun possession charge. (Doc. 1 at 2.)

For all of the reasons explained above, Gardner's § 2255 motion should be **DENIED** as untimely. Moreover, applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 24TH day of September, 2012.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

---

The trouble is, that verdict was rendered on November 12, 2009. (*Id.*) So, even if that verdict qualified as a new "fact" from which the one year clock could run under § 2255(f)(4) (running one-year clock from "the date on which the facts supporting the claim ... could have been discovered through the exercise of due diligence"), it would not save Gardner's motion.

3